IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LUIS RAY JARAMILLO, JR., #1966673 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv050 |
| MICHAEL A. COLLUM, ET AL. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Luis Ray Jaramillo, a prisoner currently confined at the Beto Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and seeking *in forma pauperis* status, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 27, 2023, this Court severed Jaramillo's claims that sound in civil rights into this cause of action, (Dkt. #3), and ordered him to file an amended complaint on those claims. The Court further recognized that Jaramillo received at least three strikes under 28 U.S.C. 1915(g) and ordered him to either submit the statutory filing fee of $402.00 or articulate a plausible showing of imminent danger of physical injury related to the allegations in his complaint, (Dkt. #3). Plaintiff's amended complaint, (Dkt. #8), is now before the Court.

For reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed, with prejudice, for purposes of proceeding *in forma pauperis*. The Court further recommends that his motion for *in forma pauperis* status, (Dkt. #9), be denied.

1

**I. Plaintiff's Amended Complaint**

Jaramillo's amended complaint is the operative pleading in this case. An amended complaint entirely supersedes and takes the place of the original complaint. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736 (5th Cir. 1986). He is suing several Defendants, many of whom are located outside of this Court's jurisdiction; a separate order severing and transferring those claims and Defendants will issue.

Jaramillo's case before this Court concerns claims and Defendants related to his imprisonment at the Beto Unit. He states that on April 22, 2022, he arrived at the Beto Unit and began to inquire about the address for his post-parole facility, (Dkt. #8, pg. 8). Defendant Wilcoxon deliberately delayed a reply. Jaramillo asserts that once he was finally "seen for reentry out processing," Defendant Wilcoxon commented that there was a delay in release to Houston because "there were too many sex offenders in Houston." *Id*. He insists that this was "a lie," and that Defendant Wilcoxon was assisting Defendant Collum, Warden, to unjustly withdraw his parole.

According to Jaramillo, Defendant Collum "went to the extreme to transmit Palestine-IPO false and/or misleading information to the Parole Board to have his parole-vote for release withdrawn"—even after he completed a sex offender program. Defendant Collum and prison officials at his previous prison, the Bill Clements Unit, learned of his relocation at the Beto Unit "because they couldn't assault and/or kill him in time." *Id*. Collum began influencing officials at the Beto Unit to begin harassing him and placing him in situations wherein he could "get in trouble."

His parole was revoked based on "false information," (Dkt. #3, pg. 8), on May 16, 2022. Jaramillo then sent, through the Beto Unit's mail system, an appeal of the decision. However, the appeal was never delivered. The "appeal materialized" on August 9, 2022, and Jaramillo explains

that he was told that his appeal simply sat on Defendant Mitchell's desk. He insists that he believes the appeal was never mailed and that Defendant Collum sabotaged his appeal.

Jaramillo further maintains that on November 7, 2022, in retaliation for reporting harassment, a prison official issued a "falsified" disciplinary procedure against him for sexual misconduct while housed at the Beto Unit because he submitted prison grievances, (Dkt. #3, pg. 9). He claims that he was denied due process at his disciplinary hearing, and that it is "customary practice" of the Beto Unit to manipulate the grievance system. *Id*. Jaramillo contends that this "customary practice" related to prisoner grievances is a "real and proximate threat." *Id*. Defendant Collum and other prison officials also deliberately "cause fights," impose lockdowns, falsify disciplinary cases, and suspend activities as harassment.

He explains that he was assaulted by an officer on March 7, 2023, but the Office of Inspector General (OIG) has "yet to file any charges." *Id*. at pg. 10. Jaramillo explains that he fears for his safety, his health, and his life due to "ongoing harassment and retaliation" as well as the mistreatment bestowed on him by Defendant Collum. He concedes that he is subject to the three-strikes provision—and argues that the threat of serious physical injury is real and that "time is pressing." *Id*. at pg. 11. He seeks a Court order to "stop ongoing inhumane conditions of confinement." *Id*.

## II. Discussion and Analysis

Plaintiff Jaramillo is no stranger to federal courts in Texas. Court records show that Jaramillo has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for the failure to state a claim upon which relief can be granted—prior to his filing this lawsuit in January 2023. *See Jaramillo v. Pace*, civil action no. 6:22cv256 (E.D. Tex. Aug. 22, 2022) (outlining Plaintiff's accumulation of three strikes).

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Jaramillo has accumulated three strikes prior to filing this January 2023 lawsuit and, thus, falls under the Act. Consequently, he cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The Court notes that Jaramillo readily admits that he has accumulated three strikes.

To meet the imminent danger requirement of section 1915(g), the threat must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*….").

Crucially, the burden is on Jaramillo to show that he is in imminent danger of serious physical injury **at the time** of the filing of his complaint through facts rather than conclusory allegations. *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019) (emphasis supplied).

4

Here, Jaramillo asserts that he is in imminent danger due to ongoing harassment, retaliation, and conditions of his confinement. His specific claims—falsification of disciplinary records, deliberate fights initiated by prison officials, lockdowns, suspension of activities, the "customary practice" of thwarting prison grievances, and allegedly influencing prison officials to revoke his parole—do not illustrate imminent danger of serious physical injury.

Similarly, while Jaramillo explains that he was "assaulted" by a prison official in November 2022, such constitutes past danger. *See, e.g.*, *Banos*, 144 F.3d at 884-85 (5th Cir. 1998) (explaining that allegations that prison officials sexually harassed the plaintiff by conducting body cavity searches before he filed his complaint did not suffice); *see also King v. Livingston*, 212 F. App'x 260, 262 (5th Cir. 2006) (unpublished) ("King argues that he is in imminent danger of serious physical injury because he has been assaulted several times by the defendants and other inmates and because the defendants have attempted to cause him serious physical injury from the time of Hurricane Rita to the present. King fails to meet the showing required to avoid application of the three strikes bar under 28 U.S.C. § 1915(g)."). Jaramillo has not presented any facts suggesting imminent danger of serious physical injury, which is his burden.

To the extent that Jaramillo insists that harassment and retaliation is ongoing and will continue, such fear of future "threats" is conclusory. *See Newman*, 770 F. App'x 216 (explaining that Newman's allegation that he is in ongoing imminent danger is conclusory.). Additionally, the United States Court of Appeal for the Fifth Circuit has held that "mere threatening language and gestures" if a custodial officer do not, even if true, amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

Because Jaramillo has accumulated at least three-strikes prior to the filing of this lawsuit and has not demonstrated that he faces an imminent threat of serious physical injury, his motion

to proceed *in forma pauperis* should be denied and this lawsuit should be dismissed pursuant to 28 U.S.C. §1915(g). However, Jaramillo should be allowed a reasonable period of time in which to pay the full filing fee and proceed with his lawsuit should he so choose. He should note that the payment of the filing fee would not affect a frivolous analysis under 28 U.S.C. §1915A.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff Jaramillo's motion to proceed *in forma pauperis* (Dkt. #9), should be denied and the above-styled lawsuit should be dismissed, with prejudice, for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). It is also recommended that if Plaintiff pays the full filing fee within fifteen (15) days of the date of the dismissal order, the lawsuit will proceed as though the full filing fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 6th day of April, 2023.**

6

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE