IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LUIS RAY JARAMILLO JR., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> STATE OF TEXAS, et al., § <br> § <br> Defendants. § <br> § | Case No. 6:23-cv-50-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Luis Jaramillo, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On April 6, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Docket No. 10. Plaintiff acknowledged receipt of the Report on April 14, 2023. Docket No. 12. No objections to the Report were filed and the time period for filing objections has passed. Plaintiff has since, however, filed a motion for a temporary restraining order (Docket No. 14) and an advisory notice to the court (Docket No. 17). Because the Report recommended dismissal pursuant to Plaintiff's accumulation of three-strikes prior to the filing of this lawsuit, along with a finding that Plaintiff has not shown that he

1

faces an imminent threat of serious physical injury, the Court will liberally construe his motion for a TRO and advisory to the court as objections the Report.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his motion for a TRO, Plaintiff repeats the allegations in his complaint—generally complaining of harassment, retaliation, inhumane conditions of confinement, denial of appropriate medical care, and denial of access to the courts. Docket No. 14. Specifically, Plaintiff complains that he is being denied showers as punishment, that an African officer has assaulted him and called him names, and that he was denied medical care after the assault incident. Docket No. 14 at 2. Plaintiff further complains that he has been placed in "Lockup F-Wing," where his food has been stolen and his arm was slammed in the tray slot opening. Docket No. 14-1 at 5. Plaintiff attaches his grievances regarding these incidents. Docket No. 14-3.

These allegations fail to demonstrate that Plaintiff is in imminent danger of serious physical injury. Most of his complaints are general accusations and are therefore insufficient to make a showing of imminent danger. *See Newman v. Harris*,

770 F. App'x 216 (5th Cir. 2019) (finding plaintiff's allegation that he is in ongoing imminent danger to be conclusory). Moreover, as the Magistrate Judge explained, complaints regarding past assaults are insufficient to show that Plaintiff is presently in imminent danger of serious physical injury. *See, e.g.*, *Banos v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998) (explaining that allegations that prison officials sexually harassed the plaintiff by conducting body cavity searches before he filed his complaint did not suffice).

Regarding the alleged harassment and assault incidents that Plaintiff alleges occurred between April 18, 2023 and May 4, 2023, all of these alleged incidents, even construed in Plaintiff's favor, occurred at the Beto Unit. Docket. No. 14-1. But Plaintiff's advisory notice to the court explains that Plaintiff has since been transferred to the Memorial Unit. Docket No. 17. Thus, any possible threat complained of in Plaintiff's TRO and advisory notice regarding his incarceration at the Beto Unit does not pose any current imminent threat to Plaintiff's safety. For this reason, Plaintiff's motion for a TRO (Docket No. 14) must also be denied as moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (removal of an inmate from a prison facility, whether by transfer or release, generally renders the inmate's claims for injunctive relief at that facility moot); *see also Cooper v. Sheriff, Lubbock Cnty., Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Weathington v. United States*, 694 F. App'x 966, 967 (5th Cir. 2017). Thus, Plaintiff is not entitled to injunctive relief as a consequence of his transfer.

Moreover, Plaintiff fails to allege any facts regarding his current incarceration at the Memorial Unit that could be interpreted as suggesting imminent danger of serious physical injury. Plaintiff alleges that he is in transient status with TDCJ at the Memorial Unit and similarly complains that he is being denied access to the courts, denied access to medical care, being denied showers, and not being allowed to contact his family. Docket No. 17 at 2. Even taking these general allegations as true, they fail to demonstrate an imminent danger of serious physical injury. Plaintiff states that there is an officer known as "O.B." who has threatened to kill him and that he is not allowed out of his cell for any reason. Docket No. 17 at 3–4. To meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Specifically, the harm must be imminent in conveyance of "a genuine emergency" where "time is pressing." *Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

Plaintiff has failed to show how a non-specific threat from a correctional officer or cell confinement constitutes a real and proximate threat. The Third Circuit has found that similar allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," failed to sufficiently allege imminent danger. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). Moreover, the Fifth Circuit has stated that threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Bender v. Brumley*, 1 F.3d 271, 274 n. 3 (5th Cir. 1993). Because Plaintiff has not shown that he faces an imminent

threat of serious physical injury as of the time of filing the complaint, and he did not pay the full filing fee, the Court agrees that this lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(g).

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 10) is **ADOPTED**. Plaintiff's motion for a TRO (Docket No. 14) is **DENIED**. This action is **DISMISSED** with prejudice for purposes of IFP proceedings pursuant to 28 U.S.C. § 1915(g). It is further **ORDERED** that Plaintiff's motion to proceed IFP (Docket No. 9) is **DENIED**. This Order does not bar refiling of this lawsuit without seeking IFP status and upon payment of the full $402.00 filing fee. Plaintiff may resume the lawsuit if he pays the entire filing fee of $402 within fifteen (15) days after the entry of the Final Judgment. It is finally **ORDERED** that all motions not previously ruled on are **DENIED**.

**Signed this**
Jun 12, 2023

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

5